

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

**In re: JEFFREY S. DAVIDSON, Debtor.**
On Appeal from the U.S. Bankruptcy Court for the N.D.N.Y.
Bankrptcy Case No. 23-11130; Adv. Proc. No. 24-90011

**JOHN B. CARNETT, IV,**
Plaintiff–Appellee,

v.

**JEFFREY S. DAVIDSON,**
Defendant–Appellant.
District Court Case No. 25-cv-1431
Assigned to: Hon. Frederick J. Scullin, Jr.

## APPELLEE'S MOTION TO DISQUALIFY APPELLATE COUNSEL (FAIRBANKS-FLETCHER, HYDE) AND FOR ORDER TO SHOW CAUSE RE SANCTIONS

Appellee moves to disqualify Elizabeth Fairbanks-Fletcher, Esq., James W. Hyde, IV, Esq., and Fairbanks Fletcher Law PLLC from representing Appellant in this appeal under the Court's inherent authority and NY RPC 1.7, 1.9, and 1.10, and seeks an order to show cause under 28 U.S.C. § 1927/inherent power. The conflict arises from counsel's representation of Mohan & Mohan (Appellant's accountant) and their trial-level positions about the accountant's role and records, coupled with continued participation in this substantially related appeal.

**CENTRALITY AND TAINT SHOWN BY QUANTIFIED COUNTS**

The accountant is not a peripheral witness. The trial record is saturated with accountant-driven evidence: "Account" (133), "Bank" (106), "Deposit" (108), "Check" (76), "Venmo" (73), "Records" (61), "Expenses" (34), "Credit Card" (27), together with direct references to the "Accountant" (22) and "Tax Return" (10), and "Audit" (3). These are the raw inputs and outputs an accountant reconciles and defends. When Davidson's strategy simultaneously leans on and attacks the accountant, and his counsel also represented that accountant entity, the conflict is not theoretical; it is embedded in the merits. See Exhibit F.

Footnote: Although the accountant did not testify, the Court authorized a subpoena (Exhibit G) to the accountant (Mohan), confirming the accountant's centrality to the merits. Counsel's awareness of that subpoena without obtaining conflict waivers or alerting the Court further supports disqualification and prophylactic relief.

**UNDERSCORED CONFLICT: COURT-ISSUED SUBPOENA TO ACCOUNTANT + NONAPPEARANCE**

The accountant (Mohan) did not appear and was not called as a witness at trial. Nevertheless, the Bankruptcy Court granted a subpoena to Mohan, and that subpoena is part of the record (Exhibit G). Appellant's counsel was fully aware the Court had authorized compulsory process directed to the accountant while accountant-centric issues saturated the case.

Despite this, counsel neither disclosed the concurrent/successive conflict nor obtained written informed consent from both clients as required by NY RPC 1.7(b), and presented

no written waiver to the Court. That silence persisted even as the accountant's role and records remained central, exacerbating the appearance—and risk—of taint.

## I. CONCURRENT CONFLICTS—DIRECT ADVERSITY TO A CURRENT CLIENT REQUIRES DISQUALIFICATION (RPC 1.7; Cinema 5)

Rule 1.7 prohibits representation directly adverse to a current client or where a significant risk of material limitation exists, absent informed written consent. Concurrent adversity carries a presumption of disqualification. Cinema 5, Ltd. v. Cinerama, Inc., 528 F.2d 1384, 1387 (2d Cir. 1976). Here, while representing Davidson, counsel also represented Mohan & Mohan and took courtroom positions about the accountant's methods and records—classic direct adversity.

## II. SUCCESSIVE CONFLICTS—SUBSTANTIALLY RELATED MATTERS WITH MATERIAL ADVERSITY TRIGGER RULE 1.9

Rule 1.9 prohibits representation materially adverse to a former client in the same or a substantially related matter where confidences may be implicated. This appeal centers on the accountant's records, returns, and bookkeeping—the very subject of the former representation.

## III. TAINT AND THE RISK OF CONFIDENTIAL INFORMATION (Fund of Funds; Glueck; Hempstead Video)

The Second Circuit polices divided loyalties through prophylactic disqualification. See Fund of Funds v. Arthur Andersen; Glueck v. Jonathan Logan; Hempstead Video.

## IV. IMPUTATION (RPC 1.10) AND HYDE'S TRIAL-LEVEL ROLE

Conflicts are imputed to the firm (RPC 1.10). In addition to Ms. Fairbanks-Fletcher, trial counsel James W. Hyde, IV, Esq. participated in developing and advancing positions about the accountant and the records. Given the overlap in subject matter and firm relationship, he should likewise be disqualified from entering an appearance in, authoring or ghostwriting filings for, or otherwise participating in this appeal.

### V. ADVOCATE–WITNESS PROBLEM (RPC 3.7)

Because counsel's knowledge regarding Mohan & Mohan, any waivers, and the subpoena touches disputed facts, both Ms. Fairbanks-Fletcher and Mr. Hyde may be necessary witnesses. RPC 3.7 provides an alternative ground.

### VI. EQUITIES—PROPHYLACTIC RELIEF WITH MINIMAL PREJUDICE

Substitution will not prejudice Appellant; modest schedule adjustments suffice. By contrast, allowing conflicted counsel to remain invites collateral litigation over taint and undermines confidence in the result.

### VII. ORDER TO SHOW CAUSE RE SANCTIONS (§ 1927 / INHERENT POWER)

Independent of disqualification, the Court should order conflicted counsel to show cause why sanctions should not issue under 28 U.S.C. § 1927 and the Court's inherent power.

### REQUESTED RELIEF

1. Disqualify Elizabeth Fairbanks-Fletcher, Esq., James W. Hyde, IV, Esq., and Fairbanks Fletcher Law PLLC from representing Appellant in this appeal, including any ghostwriting or behind-the-scenes assistance;

2. Strike any appellate filings submitted by conflicted counsel and permit re-filing by unconflicted counsel within a schedule set by the Court;

3. Stay or extend the briefing schedule for fourteen (14) days for substitution;

4. Order counsel to disclose (under seal if necessary) any purported conflict waivers; if none exist, so certify;

5. Require counsel to file, within 7 days, a Certification Regarding Accountant Confidences and Ethical Screens;

6. Issue an Order to Show Cause why sanctions should not issue under 28 U.S.C. § 1927 and/or the Court's inherent power; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: October 29, 2025

Respectfully submitted,

_____

John B. Carnett, IV (Pro Se)

95 Salem Street

Greenwich, New York 12834

Email: carnett@reclaimcraft.com

Phone: (215) 834-0365

**PROPOSED ORDER**

Upon consideration of Appellee's Motion to Disqualify Appellate Counsel (Fairbanks-Fletcher, Hyde), the supporting declaration, Exhibit G (Mohan Subpoena) and Exhibit F (Counts Certificate), and after due deliberation, it is ORDERED that the Motion is GRANTED as set forth in the requested relief.

# EXHIBIT F – DECLARATION OF JOHN B. CARNETT, IV REGARDING TERM-FREQUENCY COUNTS FROM TRIAL AUDIO RECORDING

I, John B. Carnett, IV, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I conducted a good-faith, best-efforts review of the trial using the official audio recording available to me.

2. Using keyword cues while listening (including singular/plural and near-equivalents), I tallied how often certain accountant-centric terms occurred. This tally is offered to demonstrate centrality without burdening the Court with lengthy excerpts.

3. Because the counts were derived from the audio rather than a certified, finalized transcript, they may reflect minor variances due to audio quality, homonyms, or overlapping speech. I believe the counts are substantially accurate for showing frequency and centrality, but I do not contend they are perfect or exhaustive.

4. If the Court or the parties require further precision, I can refine these counts against a certified transcript; any immaterial differences will not affect the conclusion that accountant-related issues permeated the trial.

5. Based on the audio review, my current tallies are as follows:

| Term (audio search) | Count |
| --- | --- |
| Accountant | 22 |
| Tax Return | 10 |

| | |
|---|---|
| Audit | 3 |
| Credit Card | 27 |
| Records | 61 |
| Bank | 106 |
| Venmo | 73 |
| Check | 76 |
| Account | 133 |
| Expenses | 34 |
| Deposit | 108 |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on October 29, 2025, at Greenwich, New York.

_____

John B. Carnett, IV