# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

**In re: JEFFREY S. DAVIDSON, Debtor.**
On Appeal from the U.S. Bankruptcy Court for the N.D.N.Y.
Bankruptcy Case No. 23-11130; Adv. Proc. No. 24-90011



**JOHN B. CARNETT, IV,**

Plaintiff–Appellee,

v.

**JEFFREY S. DAVIDSON,**

Defendant–Appellant.
District Court Case No. 25-cv-1431
Assigned to: Hon. Frederick J. Scullin, Jr.

## PLAINTIFF–APPELLEE'S FIRST SUPPLEMENTAL SUBMISSION

**(Overlapping Representation of Mohan & Mohan Tax Service Inc. and Davidson;**

**Accountant-Centric Trial Record; Court-Authorized Subpoena to Accountant)**

**IN FURTHER SUPPORT OF MOTION TO DISQUALIFY APPELLATE**

**COUNSEL**

(Elizabeth Fairbanks-Fletcher, Esq. and James W. Hyde, IV, Esq.)

**AND FOR ORDER TO SHOW CAUSE**

Plaintiff–Appellee John B. Carnett, IV ("Appellee") files this supplemental submission to place before the Court newly highlighted conflict facts that sharpen and worsen the conflict described in his already-filed Motion to Disqualify Appellate Counsel and for Order to Show Cause. This supplement should be read together with that motion.

Appellee also respectfully asks the Court to (i) decide the disqualification issue on the papers or, (ii) in the alternative, set a short hearing date/time through the Clerk and hold merits briefing in abeyance until the conflict is resolved.

This supplement draws on, and attaches, three sources already in the record or now provided:

Appellee's supplemental/motion materials  (Ex. A)

The Mohan & Mohan Tax Service Inc. bankruptcy filings, including the voluntary petition dated March 4, 2024— signed by Elizabeth Fairbanks-Fletcher, Esq. — and the later final decree closing the case (Ex. B Mohan_Petition),  (Ex. C Mohan_Final)

The Bankruptcy Court's Memorandum Decision and Order denying discharge in Carnett v. Davidson, which is explicitly built on accountant-style, ledger/bank/expense evidence (Ex. D)

**I. Overlapping Dates Show This Was a Live, Not Historical, Conflict**

**March 4, 2024 – Mohan & Mohan Chapter 7 filed.**

(Ex. B) is the voluntary Chapter 7 petition for Mohan & Mohan Tax Service Inc., filed March 4, 2024 in the U.S. Bankruptcy Court for the Northern District of New York. It lists the accountant entity and is signed "/s/ Elizabeth Fairbanks-Fletcher" as attorney for the debtor. That filing puts Ms. Fairbanks-Fletcher squarely and formally in the role of bankruptcy counsel to the accountant.

**2024–2025 – Davidson bankruptcy/adversary pending**.

At the same time, Ms. Fairbanks-Fletcher was already appearing for Jeffrey S. Davidson in his bankruptcy and the related adversary, Case No. 23-11130; Adv. Proc. No. 24-90011 — the case in which Appellee was litigating accountant-driven, bank-statement-driven, and personal-expense-through-the-business issues.

**Subpoena to Mohan issued during the Davidson matter.**

During that adversary, the Bankruptcy Court granted a subpoena to Mohan — i.e., the Court authorized compulsory process directed at the very accountant Ms. Fairbanks-Fletcher had just put into Chapter 7. Even though Appellee did not ultimately use the subpoena, its issuance is in the record and shows the Court treated the accountant as material.  (Ex. G)

**May 5, 2025 – Mohan case fully administered/closed.**

Exhibit C reflects the later Final Decree in the Mohan case — showing that the

accountant's bankruptcy, which Ms. Fairbanks-Fletcher handled, was real, in this District, and administered.

**September 24, 2025 – Judge's Denial of Discharge.**

On September 24, 2025, the Bankruptcy Court issued its Memorandum Decision and Order denying Davidson's discharge. That decision did not deny discharge on some abstract, non-financial ground; it relied on the exact kinds of documents an accountant would prepare, reconcile, or defend — business checks to the debtor, bank transfers from business to personal, ATM cash, Venmo, credit-card/personal expenses, and the need for transaction-by-transaction tracing. (Ex. D)

**Result: from March 4, 2024, forward, in the same federal court, Ms. Fairbanks-Fletcher was:**

Counsel to the accountant (Mohan & Mohan) in bankruptcy; and

Counsel to the debtor (Davidson) whose case turned on accountant-style financial records, and in which the Court had authorized a subpoena to that accountant.

Those are overlapping dates. This was not "I once represented the accountant years ago." This was at the same time and in the same court.

**II. The Judge's Denial Shows the Accountant's Function Was at the Center of the Case**

The Bankruptcy Court's denial of discharge (Ex. D) is the best possible proof that accountant-level material was at the heart of the adversary:

The court counted and described numerous checks from the business to Davidson.

The court described electronic transfers from the business account to Davidson's personal account.

The court described ATM cash and personal-style transactions through the business account.

The court described Venmo payments and the need to separate business from personal.

The court indicated that tracing these transactions would require more evidence.

The court clearly viewed the case as one about what money came in, what went out, and how it was characterized — i.e., the exact things a tax/accounting preparer would have to defend. (Ex. D)


So when appellate counsel is that very lawyer who also put the accountant into Chapter 7, we do not have a peripheral contact; we have a direct overlap between:

the accountant's financial posture (Mohan Bankruptcy), the debtor's discharge case (Davidson), the Court-issued subpoena to the accountant, and

the appeal now in front of this Court. That is the kind of overlap courts police through prophylactic disqualification.

### III. Why This Is Non-Consentable or, at Least, Requires Contemporaneous, Two-Client Written Waivers

RPC 1.7(a) bars representation where the representation of one client will be directly adverse to another client, or where there is a significant risk the representation will be materially limited by responsibilities to another client.

**Here the material limitations are obvious:**

As Davidson's lawyer, Ms. Fairbanks-Fletcher would want to lean on or soften the impact of accountant-style records.

As Mohan's bankruptcy lawyer, she would have confidential, non-public information about the accountant's financial distress, record-keeping, and client base — and, crucially, about who could act for Mohan once the Chapter 7 was filed.

Once the Bankruptcy Court authorized a subpoena to Mohan, she knew the accountant could be a target for compulsory production, and possibly criticism, in the very case where she was siding with the debtor.

That is a present, central conflict — not a speculative one.

To continue in that posture, RPC 1.7(b) required:

A reasonable belief she could provide competent and diligent representation to each affected client; and

Informed consent, confirmed in writing, from each client.

Because one of the clients was in Chapter 7 — a case she filed — she would have had to get that informed, written consent from (a) Davidson and (b) Mohan's authorized bankruptcy representative (trustee/DIP/authorized principal). There is no sign she did.

And because this was a live accountant-versus-debtor concern in the same court, the better characterization is that the conflict was non-consentable — i.e., there was no way she could reasonably believe she could fully advocate for the debtor while holding the accountant's bankruptcy confidences.

**IV. Post-Motion Waivers Can't Fix Dates That Already Happened**

The dates are the problem:

**March 4, 2024** – Ms. Fairbanks-Fletcher files the Mohan Bankruptcy as Mohan's lawyer.

**Throughout 2024–2025** – Ms. Fairbanks-Fletcher continues as Davidson's lawyer in a case about the very records an accountant would defend; the Court grants a subpoena to Mohan.

**September 24, 2025** – the Bankruptcy Court issues a decision using accountant-style evidence to deny discharge.

**2025 appeal** – Ms. Fairbanks-Fletcher tries to continue for Davidson in District Court.

"After-the-fact waivers are not a cure. A waiver created only after this motion was filed cannot legitimize concurrent representation that was already underway in March 2024 in two accountant-centered matters in the same court. The Court should therefore reject any waiver dated after the filing of this motion, or after the September 24, 2025 Memorandum Decision, as non-contemporaneous and non-curative."

**Accordingly, the Court should make this explicit:**

"Post-motion or after-the-fact waivers shall not retroactively cure a conflict that existed when counsel was simultaneously representing (i) Mohan & Mohan Tax Service Inc. in its bankruptcy case (filed March 4, 2024) and (ii) Jeffrey S. Davidson in the adversary in which the Bankruptcy Court later granted a subpoena to Mohan and, on September 24, 2025, relied on accountant-style evidence to deny discharge."

**V. Updated Relief (With Dates and Judge's Decision Referenced)**

Appellee therefore asks the Court to grant the original disqualification relief, as supplemented, and to enter an order providing:

Seven-Day Sealed Production. Within seven (7) days, Ms. Fairbanks-Fletcher shall file under seal:

(a) any contemporaneous, written, informed conflict waivers signed on or before and around March 4, 2024 (the filing date of the Mohan & Mohan Chapter 7, Ex. B) by both (i) Jeffrey S. Davidson and (ii) Mohan & Mohan Tax Service Inc. (or its bankruptcy trustee/DIP/authorized representative);

(b) a declaration from Ms. Fairbanks-Fletcher identifying the Mohan & Mohan Chapter 7 case filed March 4, 2024, the court, the case number, and the person or office she regarded as having authority to consent for Mohan while it was in Chapter 7; and

(c) any e-signature audit trail, metadata, transmittal emails, or billing entries showing when conflict disclosures were made in relation to (i) the March 4, 2024 Mohan filing, (ii) the issuance of the subpoena to Mohan in the Davidson adversary, and (iii) the Bankruptcy Court's September 24, 2025 Memorandum Decision. Mohan Petition, Mohan Final, DENY

**No Retro-Cure.** The Court should state expressly that any waiver dated after Appellee filed the present disqualification motion, or after the Court's September 24, 2025 denial of discharge, will be presumed non-contemporaneous and non-curative absent a detailed showing of authority and timing.

**Prophylactic Disqualification. If:**

(a) no timely, credible, contemporaneous two-client waivers are filed; or

(b) Ms. Fairbanks-Fletcher cannot show that Mohan & Mohan, then in Chapter 7, had capacity and authority to consent on or around March 4, 2024; or

(c) the Court finds that, given the accountant-centric findings in the September 24, 2025 Memorandum Decision, the conflict is non-consentable,

then the Court should disqualify:

Elizabeth Fairbanks-Fletcher, Esq.;

James W. Hyde, IV, Esq.; and

Fairbanks Fletcher Law PLLC

from appearing in, drafting for, or otherwise participating in this appeal, and should strike conflicted filings with leave to refile through unconflicted counsel on a short, reset schedule.

**Confidences Certification.** Within seven (7) days of the Court's order, substitute/ unconflicted counsel shall file the Certification of No Use of Accountant Confidences and Ethical Screens confirming that no strategy, argument, or draft appellate brief relies on confidential information obtained through Ms. Fairbanks-Fletcher's representation of Mohan & Mohan.

**Abeyance of Sanctions, With Trigger.** Appellee's request for sanctions under 28 U.S.C. § 1927 and the Court's inherent power may be held in abeyance pending compliance with this order, but the order should state that failure to comply or production of obviously after-the-fact waivers will result in sanctions briefing on an expedited schedule.

Decision on the Papers / Short Hearing. Because this is a structural conflict that turns on dates already in the record (March 4, 2024 Mohan filing; September 24, 2025 denial), Appellee requests that the Court decide this on the papers or, alternatively, set a short hearing date/time through the Clerk and hold merits briefing in abeyance pending the ruling.

**VI. Exhibits**

**Exhibit A** – Plaintiff–Appellee's original Motion to Disqualify Appellate Counsel and for Order to Show Cause (previously filed).

**Exhibit B** – Voluntary Petition, Mohan & Mohan Tax Service Inc., Case filed March 4, 2024, N.D.N.Y., signed "/s/ Elizabeth Fairbanks-Fletcher" (accountant BK counsel). Mohan Petition

**Exhibit C** – Final Decree / case closed in Mohan & Mohan Tax Service Inc. Ch. 7 (showing administration/closure). Mohan Final

**Exhibit D** – Memorandum Decision and Order (Sept. 24, 2025), Carnett v. Davidson, Adv. Proc. No. 24-90011 (Bankr. N.D.N.Y.) (accountant-centric financial findings; denial of discharge). DENY

**Exhibit E** – Subpoena to Mohan authorized in the adversary proceeding

**Exhibit G**- Mohan_Subpoena

Dated: October 30, 2025

Respectfully submitted,

**/s/ John B. Carnett, IV**

John B. Carnett, IV (pro se)

95 Salem Street

Greenwich, NY 12834

Email: carnett@reclaimcraft.com

Phone: (215) - 834-0365