# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

**In re: JEFFREY S. DAVIDSON, Debtor.**
On Appeal from the U.S. Bankruptcy Court for the N.D.N.Y.
Bankruptcy Case No. 23-11130; Adv. Proc. No. 24-90011



**JOHN B. CARNETT, IV,**
Plaintiff–Appellee,

v.

**JEFFREY S. DAVIDSON,**
Defendant–Appellant.
District Court Case No. 25-cv-1431
Assigned to: Hon. Frederick J. Scullin, Jr.

## NOTICE OF MOTION TO DISQUALIFY APPELLATE COUNSEL (FAIRBANKS-FLETCHER, HYDE) AND FOR ORDER TO SHOW CAUSE RE SANCTIONS

PLEASE TAKE NOTICE that Appellee JOHN B. CARNETT, IV respectfully submits this motion for decision on the papers pursuant to the Local Rules, or, in the alternative, requests that the Court set a hearing date and time through the Clerk. Upon the accompanying motion, Appellee seeks an order: (1) disqualifying Elizabeth Fairbanks-Fletcher, Esq., James W. Hyde, IV, Esq., and Fairbanks Fletcher Law PLLC from representing Appellant in this appeal (including ghostwriting or behind-the-scenes assistance); (2) striking any filings submitted by conflicted counsel with leave to refile

through unconflicted counsel; (3) staying/extending the briefing schedule for fourteen (14) days for substitution; (4) compelling disclosure under seal of any purported conflict waivers (or certification that none exist); (5) directing counsel to file a Certification Regarding Accountant Confidences and Ethical Screens; (6) issuing an order to show cause why sanctions should not issue under 28 U.S.C. § 1927 and/or the Court's inherent power; and (7) granting such other and further relief as the Court deems just and proper.

Dated: October 29, 2025

Respectfully submitted,

*[signature]*

John B. Carnett, IV (Pro Se)

95 Salem Street

Greenwich, New York 12834

Email: carnett@reclaimcraft.com

Phone: (215) 834-0365

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**In re: JEFFREY S. DAVIDSON, Debtor.**
On Appeal from the U.S. Bankruptcy Court for the N.D.N.Y.
Bankruptcy Case No. 23-11130; Adv. Proc. No. 24-90011

**JOHN B. CARNETT, IV,**
Plaintiff–Appellee,

v.

**JEFFREY S. DAVIDSON,**
Defendant–Appellant.
District Court Case No. 25-cv-1431
Assigned to: Hon. Frederick J. Scullin, Jr.

# APPELLEE'S MOTION TO DISQUALIFY APPELLATE COUNSEL (FAIRBANKS-FLETCHER, HYDE) AND FOR ORDER TO SHOW CAUSE RE SANCTIONS

Appellee moves to disqualify Elizabeth Fairbanks-Fletcher, Esq., James W. Hyde, IV, Esq., and Fairbanks Fletcher Law PLLC from representing Appellant in this appeal under the Court's inherent authority and NY RPC 1.7, 1.9, and 1.10, and seeks an order to show cause under 28 U.S.C. § 1927/inherent power. The conflict arises from counsel's representation of Mohan & Mohan (Appellant's accountant) and their trial-level positions about the accountant's role and records, coupled with continued participation in this substantially related appeal.

**CENTRALITY AND TAINT SHOWN BY QUANTIFIED COUNTS**

The accountant is not a peripheral witness. The trial record is saturated with accountant-driven evidence: "Account" (133), "Bank" (106), "Deposit" (108), "Check" (76), "Venmo" (73), "Records" (61), "Expenses" (34), "Credit Card" (27), together with direct references to the "Accountant" (22) and "Tax Return" (10), and "Audit" (3). These are the raw inputs and outputs an accountant reconciles and defends. When Davidson's strategy simultaneously leans on and attacks the accountant, and his counsel also represented that accountant entity, the conflict is not theoretical; it is embedded in the merits. See Exhibit F.

Footnote: Although the accountant did not testify, the Court authorized a subpoena (Exhibit G) to the accountant (Mohan), confirming the accountant's centrality to the merits. Counsel's awareness of that subpoena without obtaining conflict waivers or alerting the Court further supports disqualification and prophylactic relief.

**UNDERSCORED CONFLICT: COURT-ISSUED SUBPOENA TO ACCOUNTANT + NONAPPEARANCE**

The accountant (Mohan) did not appear and was not called as a witness at trial. Nevertheless, the Bankruptcy Court granted a subpoena to Mohan, and that subpoena is part of the record (Exhibit G). Appellant's counsel was fully aware the Court had authorized compulsory process directed to the accountant while accountant-centric issues saturated the case.

Despite this, counsel neither disclosed the concurrent/successive conflict nor obtained written informed consent from both clients as required by NY RPC 1.7(b), and presented

no written waiver to the Court. That silence persisted even as the accountant's role and records remained central, exacerbating the appearance—and risk—of taint.

## I. CONCURRENT CONFLICTS—DIRECT ADVERSITY TO A CURRENT CLIENT REQUIRES DISQUALIFICATION (RPC 1.7; Cinema 5)

Rule 1.7 prohibits representation directly adverse to a current client or where a significant risk of material limitation exists, absent informed written consent. Concurrent adversity carries a presumption of disqualification. Cinema 5, Ltd. v. Cinerama, Inc., 528 F.2d 1384, 1387 (2d Cir. 1976). Here, while representing Davidson, counsel also represented Mohan & Mohan and took courtroom positions about the accountant's methods and records—classic direct adversity.

## II. SUCCESSIVE CONFLICTS—SUBSTANTIALLY RELATED MATTERS WITH MATERIAL ADVERSITY TRIGGER RULE 1.9

Rule 1.9 prohibits representation materially adverse to a former client in the same or a substantially related matter where confidences may be implicated. This appeal centers on the accountant's records, returns, and bookkeeping—the very subject of the former representation.

## III. TAINT AND THE RISK OF CONFIDENTIAL INFORMATION (Fund of Funds; Glueck; Hempstead Video)

The Second Circuit polices divided loyalties through prophylactic disqualification. See Fund of Funds v. Arthur Andersen; Glueck v. Jonathan Logan; Hempstead Video.

## IV. IMPUTATION (RPC 1.10) AND HYDE'S TRIAL-LEVEL ROLE

Conflicts are imputed to the firm (RPC 1.10). In addition to Ms. Fairbanks-Fletcher, trial counsel James W. Hyde, IV, Esq. participated in developing and advancing positions about the accountant and the records. Given the overlap in subject matter and firm relationship, he should likewise be disqualified from entering an appearance in, authoring or ghostwriting filings for, or otherwise participating in this appeal.

## V. ADVOCATE–WITNESS PROBLEM (RPC 3.7)

Because counsel's knowledge regarding Mohan & Mohan, any waivers, and the subpoena touches disputed facts, both Ms. Fairbanks-Fletcher and Mr. Hyde may be necessary witnesses. RPC 3.7 provides an alternative ground.

## VI. EQUITIES—PROPHYLACTIC RELIEF WITH MINIMAL PREJUDICE

Substitution will not prejudice Appellant; modest schedule adjustments suffice. By contrast, allowing conflicted counsel to remain invites collateral litigation over taint and undermines confidence in the result.

## VII. ORDER TO SHOW CAUSE RE SANCTIONS (§ 1927 / INHERENT POWER)

Independent of disqualification, the Court should order conflicted counsel to show cause why sanctions should not issue under 28 U.S.C. § 1927 and the Court's inherent power.

## REQUESTED RELIEF

1. Disqualify Elizabeth Fairbanks-Fletcher, Esq., James W. Hyde, IV, Esq., and Fairbanks Fletcher Law PLLC from representing Appellant in this appeal, including any ghostwriting or behind-the-scenes assistance;

2. Strike any appellate filings submitted by conflicted counsel and permit re-filing by unconflicted counsel within a schedule set by the Court;

3. Stay or extend the briefing schedule for fourteen (14) days for substitution;

4. Order counsel to disclose (under seal if necessary) any purported conflict waivers; if none exist, so certify;

5. Require counsel to file, within 7 days, a Certification Regarding Accountant Confidences and Ethical Screens;

6. Issue an Order to Show Cause why sanctions should not issue under 28 U.S.C. § 1927 and/or the Court's inherent power; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: October 29, 2025

Respectfully submitted,

_____

John B. Carnett, IV (Pro Se)

95 Salem Street

Greenwich, New York 12834

Email: carnett@reclaimcraft.com

Phone: (215) 834-0365

## PROPOSED ORDER

Upon consideration of Appellee's Motion to Disqualify Appellate Counsel (Fairbanks-Fletcher, Hyde), the supporting declaration, Exhibit G (Mohan Subpoena) and Exhibit F (Counts Certificate), and after due deliberation, it is ORDERED that the Motion is GRANTED as set forth in the requested relief.

# EXHIBIT F – DECLARATION OF JOHN B. CARNETT, IV REGARDING TERM-FREQUENCY COUNTS FROM TRIAL AUDIO RECORDING

I, John B. Carnett, IV, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I conducted a good-faith, best-efforts review of the trial using the official audio recording available to me.

2. Using keyword cues while listening (including singular/plural and near-equivalents), I tallied how often certain accountant-centric terms occurred. This tally is offered to demonstrate centrality without burdening the Court with lengthy excerpts.

3. Because the counts were derived from the audio rather than a certified, finalized transcript, they may reflect minor variances due to audio quality, homonyms, or overlapping speech. I believe the counts are substantially accurate for showing frequency and centrality, but I do not contend they are perfect or exhaustive.

4. If the Court or the parties require further precision, I can refine these counts against a certified transcript; any immaterial differences will not affect the conclusion that accountant-related issues permeated the trial.

5. Based on the audio review, my current tallies are as follows:

| Term (audio search) | Count |
|---|---|
| Accountant | 22 |
| Tax Return | 10 |

| | |
|---|---|
| Audit | 3 |
| Credit Card | 27 |
| Records | 61 |
| Bank | 106 |
| Venmo | 73 |
| Check | 76 |
| Account | 133 |
| Expenses | 34 |
| Deposit | 108 |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on October 29, 2025, at Greenwich, New York.

John B. Carnett, IV

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adv

**EXHIBIT G**

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of NEW YORK

In re: JEFFREY S. DAVIDSON
Debtor

*(Complete if issued in an adversary proceeding)*

JOHN B. CARNETT, IV
Plaintiff
v.
JEFFREY S. DAVIDSON
Defendant

Case No. 23-11130

Chapter Chapter 7

Adv. Proc. No. 24-90011

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Mohan & Mohan Tax Services, Inc.
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED REQUEST

| PLACE | Electronically to the undersigned or John B. Carnett, IV 95 Salem Street Greenwich, NY 12834 | DATE AND TIME | March 4, 2025 at 9:00 AM |
|---|---|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2025

CLERK OF COURT

*(signature)*
*Signature of Clerk or Deputy Clerk*

OR

*(signature)*
*Attorney's signature*
John B. Carnett, IV

The name, address, email address, and telephone number of the attorney representing *(name of party)*
See Attached Exhibit 1, who issues or requests this subpoena, are:
See Attached Exhibit #2

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

John B. Carnett, IV
95 Salem Street
Greenwich, NY 12834
carnett@reclaimcraft.com

**January 31, 2025**

Mohan & Mohan Tax Services, Inc.
451 River Road
Eagle Bridge, NY 12057

**Re: Request for Production of Records**

Dear Mohan & Mohan Tax Services, Inc.,

I am writing to formally request the production of the following records, which are required for on going litigation. This request pertains to the Accounting Records of:

JEFF DAVIDSON STONE LLC
76 JOE BEAN RD
COSSAYUNA NY 12827

Please provide copies of the following documents, covering the period from March 1 2022 to April 30, 2023, for: JEFF DAVIDSON STONE LLC

1. General Financial Records

General ledger

Chart of accounts

Financial statements (income statement, balance sheet, cash flow statement)


2. Payroll Records

Payroll registers

Employee earnings records

Payroll tax filings

Time sheets and attendance records

Benefits and retirement plan records

3. Accounts Receivable and Payable

Invoices issued and received

Payment receipts

Credit memos

9. Expense Records

Expense reports

Receipts for ALL business expenses

Travel and entertainment records

Reimbursement requests

12. Software and Electronic Records

Accounting software files (e.g., QuickBooks, Xero)

Backup files and data

Spreadsheets and financial models

Access logs and user activity reports

15. Other Potential Records

Petty cash records

Please provide these records in electronic format, if possible, to the email address listed above. If electronic records are unavailable, please send hard copies to the address provided.

If any of the requested documents are not available, kindly provide a detailed explanation for the omission. Should you require any additional information or clarification regarding this request, feel free to contact me at 215-834-0365 or carnett@reclaimcraft.com.

Thank you for your attention to this matter. I look forward to your prompt response.

Sincerely,

John B. Carnett, IV

95 Salem Street
Greenwich, NY 12834
carnett@reclaimcraft.com

Tel. 215-834-0365


EXHIBIT #1

John B. Carnett, IV
95 Salem Street
Greenwich, NY 12834
carnett@reclaimcraft.com
Tel. 215-834-0365