UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

In re:

    JEFFREY S. DAVIDSON,

                      Debtor.

Chapter 7
Case No. 23-11130

_____

JEFFREY S. DAVIDSON

                      Defendant-Appellant,

   -against-

JOHN B. CARNETT, IV.

                      Plaintiff-Appellee.

Adv. Pro. No. 24-90011

25-CV-01431-GTS

_____

**MEMORANDUM OF LAW IN OPPOSITION TO APPELLEE'S MOTION TO DISQUALIFY APPELLATE COUNSEL**

    1.    Appellee seeks the extraordinary remedy of disqualifying Appellant's chosen counsel. Appellee is not and has never been a client, has no standing to assert conflicts between counsel and her clients, and identifies no prejudice or risk of taint to these appellate proceedings. His motion is procedurally improper, factually unsupported, and appears intended to delay or complicate the appeal. It should be denied.

    2.    Appellant Jeffrey Davidson filed a voluntary Chapter 7 petition on August 15, 2023. The Clerk issued a no-asset notice instructing creditors not to file proofs of claim.

    3.    Mohan & Mohan Tax Service, Inc. served as Mr. Davidson's tax preparer prior to the bankruptcy filing, and performed certain related compliance work, including payroll-related filings. The engagement was limited to tax and compliance matters and did not include bookkeeping or general accounting services. In connection with preparing tax materials, Mohan

provided profit and loss information for May and June 2023 that the firm had prepared or maintained for tax reporting. After the petition date, Mohan performed no further work because prior invoices had not been paid. Mohan was listed as an unsecured creditor, filed no proof of claim, made no appearance, and took no position adverse to the debtor.

4. On March 4, 2024, Mohan & Mohan filed its own routine corporate Chapter 7 case. That matter was administrative, closed in the ordinary course, and had no legal or factual connection to the adversary proceeding against Mr. Davidson.

5. Appellee commenced an adversary proceeding under 11 U.S.C. § 727(a)(4). Mohan & Mohan was not a party, witness, or participant. Neither side presented testimony from the tax preparer, and although Appellee references a subpoena, it was never executed. No documents were produced, and Mohan did not participate in the litigation.

6. The Bankruptcy Court entered an order denying discharge on September 24, 2025. That order is the subject of this appeal. The issues on appeal concern the legal and factual findings made under § 727(a)(4) and do not involve Mohan & Mohan.

7. After judgment, counsel discovered that Mr. Davidson himself was never served with the adversary summons and complaint; only counsel was served. That issue will be addressed in the merits briefing.

8. Courts generally disfavor motions to disqualify, and the movant bears a heavy burden to meet a high standard of proof; such relief is granted only upon a clear and compelling showing that counsel's continued representation would undermine the integrity of the proceeding. To satisfy this burden, a movant must first demonstrate the existence of an attorney-client relationship between himself and opposing counsel. *McGuire v. McGuire Grp., Inc.*, 237 A.D.3d 1535, 1537, 232 N.Y.S.3d 706, 709 (2025) (*citing Tekni-Plex, Inc.,* 89 N.Y.2d at 131, 651 N.Y.S.2d 954, 674 N.E.2d 663*; Consumers Beverages, Inc.,* 227 A.D.3d at 1383-1384, 210

N.Y.S.3d 844; *Benevolent & Protective Order of Elks of United States of Am.,* 175 A.D.3d at 889, 108 N.Y.S.3d 87). As a non-client, Appellee lacks standing to seek disqualification. Disqualification protects client interests, not to confer tactical advantage on an opposing party. *Universal City Studios, Inc. v. Reimerdes*, 98 F. Supp. 2d 449, 455 (S.D.N.Y. 2000); *Bennett Silvershein Assocs. v. Furman*, 776 F. Supp. 800, 802 (S.D.N.Y. 1991).

9.  No adversity existed between Davidson and Mohan & Mohan. Rule 1.7(a)(1) addresses representation of "differing interests," which are not present here. Mohan performed no post-petition work, filed no claim, and played no role in the adversary proceeding. Their interests were not opposed.

10. Appellee's "material limitation" argument under Rule 1.7(a)(2) lacks support. The limited tax-and-compliance role played by Mohan had no bearing on counsel's independent judgment, and no information from Mohan was used or implicated in the underlying litigation or this appeal.

11. At the outset of each representation, undersigned counsel discussed with each client the potential for concurrent representation. Each client provided informed consent. In accordance with Rule 1.0(e) of the New York Rules of Professional Conduct, which permits written confirmation of earlier oral informed consent, that consent has been memorialized in writing. If the Court wishes to review the written confirmations *in camera*, counsel will promptly provide them.

12. Appellee cannot demonstrate prejudice because he was the prevailing party in the Bankruptcy Court. He obtained a complete victory on his § 727(a)(4) claim, and nothing about undersigned counsel's representation affected the outcome of that proceeding. Mohan did not appear, did not testify, and played no role in the adversary trial. Because the appeal is confined to

the existing record, and the alleged conflict did not influence the record below, Appellee cannot demonstrate any risk of prejudice or taint to the appellate process.

13. Appellee's request for sanctions should also be rejected. Sanctions require bad faith or improper conduct, and Appellee identifies none. The representations were consented to, involved no adversity, and had no effect on the adversary proceeding or the appellate record. With no bad faith and no prejudice, sanctions are unwarranted.

14. Appellee identifies no confidential information shared between clients, no prejudice to either client, and no effect on the fairness of the appellate process. Without such prejudice or risk of taint, disqualification is not warranted. *Bd. of Ed. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979); *W. T. Grant Co. v. Haines*, 531 F.2d 671, 677 (2d Cir. 1976).

15. Appellee's requests for sealed submissions, metadata, version histories, billing records, and internal law-firm materials are improper. This is an appeal governed by Rules 8009 and 8010 of the Federal Rules of Bankruptcy Procedure, which limit review to the record below. Discovery is not permitted absent a court order.

16. In the period following the Bankruptcy Court's decision, Appellee has taken steps suggesting that this motion is being used tactically rather than to address any genuine conflict concern. For example, in the bankruptcy case, he filed an unsolicited opposition to a stay pending appeal, even though the Appellant filed no such stay motion. Additionally, after this appeal was docketed, Appellant sent undersigned counsel a lengthy email purporting to impose a "litigation hold" and demanding extensive metadata and internal law-firm materials. These filings and communications were not authorized by any court order and are not part of the record on appeal, but they reflect a pattern of attempts to expand this matter beyond the proper scope of appellate review.

17.  Disqualification at this stage would prejudice Appellant by depriving him of chosen counsel and would disrupt the appellate schedule without any legal basis. *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978); *S & S Hotel Ventures Ltd. P'ship v. 777 S.H. Corp.,* 69 N.Y.2d 437 (1987). The record contains no support for such an extraordinary remedy.

18.  For these reasons, Appellee's motion to disqualify should be denied in its entirety.

Dated: November 23, 2025                    /s/ Elizabeth Fairbanks-Fletcher, Esq. 513317
                                            FAIRBANKS FLETCHER LAW PLLC
                                            *Counsel for Appellant*
                                            178 Elm St., Ste. 4
                                            Saratoga Springs, NY 12866