UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
|     JEFFREY S. DAVIDSON, | Chapter 7<br>Case No. 23-11130 |
|                   Debtor. | |
| JEFFREY S. DAVIDSON<br>                  Defendant-Appellant,<br>  -against- | Adv. Pro. No. 24-90011 |
| JOHN B. CARNETT, IV.<br>                  Plaintiff-Appellee. | 25-CV-01431-GTS |

### DECLARATION OF ELIZABETH FAIRBANKS-FLETCHER
### PURSUANT TO 28 U.S.C. §1746

I, Elizabeth Fairbanks-Fletcher, declare under penalty of perjury as follows:

1.    I am counsel for Appellant Jeffrey S. Davidson in this matter. I make this declaration based on my personal knowledge.

2.    Prior to Mr. Davidson's bankruptcy filing, Mohan & Mohan Tax Service, Inc. served as his tax preparer and performed certain compliance work relating to payroll filings. Their engagement was limited to tax-related and compliance matters; it did not include bookkeeping or general accounting services.

3.    In connection with its tax-related work, Mohan & Mohan had prepared or maintained certain financial information for Mr. Davidson, including profit and loss information for May and June 2023. After Mr. Davidson filed his Chapter 7 petition, Mohan performed no further work because outstanding invoices had not been paid.

4.	Mohan was listed as an unsecured creditor in Mr. Davidson's bankruptcy schedules. Mohan did not file a proof of claim, did not appear in the bankruptcy case, and took no position adverse to Mr. Davidson.

5.	Mohan & Mohan did not participate in the adversary proceeding initiated by Appellee under 11 U.S.C. § 727(a)(4). Although a subpoena was authorized, it was never executed, and Mohan produced no documents in connection with that proceeding. No representative of Mohan & Mohan testified or was called as a witness by either party.

6.	At the outset of each representation, I discussed the potential for concurrent representation with each client. Each client provided informed consent at that time. In accordance with Rule 1.0(e) of the New York Rules of Professional Conduct, which permits a lawyer to confirm earlier oral informed consent in writing, I have memorialized that consent in writing. If the Court wishes to review those written confirmations *in camera*, I will promptly provide them.

7.	No confidential information belonging to Mohan & Mohan has ever been used adversely to Mohan, and no confidential information of either client has been used against the other. Nothing about my representation of either client limited my independent professional judgment.

8.	Certain extra-record communications from Appellee, including requests for metadata and internal law-firm materials, were not issued pursuant to any court order and are not part of the record on appeal.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed on November 23, 2025	/s/ Elizabeth Fairbanks-Fletcher, Esq. 513317
	FAIRBANKS FLETCHER LAW PLLC
	*Counsel for Appellant*