# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
Nov 26 - 2025
John M. Domurad, Clerk

**John B. Carnett IV,**
Plaintiff–Appellee,

**Jeffrey S. Davidson,**
Defendant–Appellant.

Case No. 25-cv-1431 (N.D.N.Y.)
(On appeal from the U.S. Bankruptcy Court for the Northern District of New York, Adv. Pro. No. 24-90011, in main case No. 23-11130.)

## Plaintiff–Appellee's Reply in Support of Motion to Disqualify Appellate Counsel

### Preliminary Statement

Appellant's opposition crystallizes, rather than cures, a concurrent conflict: counsel simultaneously represented (i) Mr. Davidson and (ii) Mohan & Mohan Tax Service Inc. (the accountant entity at the core of the record and appellate Issue 4) (Exhibit A & B) during the same timeframe. Two dispositive defects follow. **First, any consent was "oral" and only "later memorialized," i.e., there was no contemporaneous, prompt, written confirmation describing material risks, alternatives, and limitations, as New York's concurrent-conflict rules require. Second, after Mohan & Mohan filed Chapter 7 on March 4, 2024, only the Chapter 7 trustee (or a court-authorized fiduciary) could consent for the entity—former management could not.** Neither post-hoc papering nor an unauthorized signature retro-cures a concurrent conflict in an accountant-centric appeal.

The Court should hold merits briefing in abeyance and order short, sealed verification of the waivers' existence, timing, content, and authority. If contemporaneous, trustee-authorized waivers do not exist, the Court should disqualify Fairbanks-Fletcher and Hyde, strike conflicted filings, and allow fourteen days for substitution.

The conflict also manifested practically at trial: the defense offered no evidence, called no witnesses (including Mohan), did not cross-examine Mr. Davidson, made no closing, and filed no post-trial brief (AP No. 70 at 3:04:55–3:07:20). (Exhibit D). On appeal, counsel now elevates the absence of "accountant testimony" (Issue 4) (Exhibit A & B), underscoring the material-limitation conflict.

**The Opposition Concedes EVERY Fact Necessary for Disqualification**

The Opposition and supporting declaration admit the following: - Counsel simultaneously represented **Davidson** and **Mohan & Mohan Tax Service Inc.** during the adversary proceeding and this appeal. - **Mohan & Mohan** filed Chapter 7 on **March 4, 2024** (the petition was signed by Ms. Fairbanks-Fletcher). - The trial record is saturated with accountant-generated evidence (banks, deposits, checks, Venmo, credit cards, expenses). - The Bankruptcy Court authorized a **subpoena to Mohan** (see Ex. G to the original motion) under **Fed. R. Bankr. P. 9016/Fed. R. Civ. P. 45**. - **No waiver signed by the Chapter 7 trustee** of Mohan & Mohan has ever been produced. - Any written "memorialization" of alleged oral consent occurred only **later** (after months of concurrent representation and after this motion was filed).

Taken together, these admissions are dispositive under **NYRPC 1.7/1.9/1.10** and controlling Second Circuit authority because they establish a concurrent, accountant-centric conflict with no contemporaneous, trustee-authorized informed consent.

**I. Supervisory Power and Risk of Taint (Privity Is Not the Test)**

This Court has inherent authority to supervise the bar and disqualify where necessary to protect the integrity of proceedings. The standard is **risk of taint**, not party privity. Where the appearance or risk of divided loyalty threatens the fairness of an accountant-centric appeal prosecuted by counsel who simultaneously represented the accountant entity, supervisory intervention is proper. See **Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739–40 (2d Cir. 1978)**; **Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979)**; **Evans v. Artek Sys. Corp., 715 F.2d 788, 791–92 (2d Cir. 1983)**. Imputation under **NYRPC 1.10** means the conflict attaches to **both** Fairbanks-Fletcher **and** Hyde.

**II. "Oral Consent Later Memorialized" Fails New York's Timing and Content Requirements**

Concurrent conflicts require informed consent from each client, confirmed in writing, and promptly transmitted; the writing must capture material risks, reasonably available alternatives, and limitations on the lawyer's ability to act. Months-late confirmation—or a bare "we consent" sentence—does not satisfy those requirements.

- **Timing defect (RPC 1.0(e)).** Written confirmation of an earlier oral consent must be transmitted **promptly** or **within a reasonable time thereafter**. A writing created **after**

- **judgment** and **after** a disqualification motion is neither. See **N.Y. State Bar Ethics Op. 881 (2011)**; **Aon Risk Servs. v. Cusack, 102 A.D.3d 461 (1st Dep't 2013)**.
- **Content defect (RPC 1.0(j)).** Any writing must disclose **material risks** and **reasonably available alternatives/limitations**. The Opposition never claims any writing advised that counsel could not: (i) enforce the subpoena against Mohan; (ii) call Mohan as a witness; (iii) attack Mohan's records; or (iv) shift blame to Mohan on appeal. See **In re Duke Invs., Ltd., 454 B.R. 187, 194 (Bankr. S.D. Tex. 2011)**.

The record shows no contemporaneous writing, no prompt transmission, and no disclosure commensurate with the conflict's scope. The conflict remains uncured and disqualifying.

### III. Only the Chapter 7 Trustee Could Consent for Mohan & Mohan After March 4, 2024

Upon Mohan & Mohan's Chapter 7 filing (March 4, 2024), **the Chapter 7 trustee controlled the entity's privileges and litigation decisions.** Any waiver had to be executed by the trustee (or a fiduciary expressly authorized by the bankruptcy court), not by former management. **An unauthorized signature cannot waive a corporate Chapter 7 debtor's conflicts.** See **Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352–53 (1985)**; **In re O.P.M. Leasing Servs., 670 F.2d 383, 386 (2d Cir. 1982)**.

**Trustee-Only Consent, and Counsel's Silence About It.** Counsel's declaration is **remarkable** for what it does **not** say: it never asserts that the **Chapter 7 trustee of Mohan & Mohan Tax Service, Inc.** (Bankr. N.D.N.Y. Case No. 24-10239-1-rel; petition filed **March 4, 2024** and **signed by Ms. Fairbanks-Fletcher**) ever executed or ratified a conflict waiver. Under **Weintraub**, **only the trustee possessed that power.** Any "consent" obtained from former management is legally **worthless**, and no trustee waiver has been produced in the sixteen months since the Mohan case was filed. **That alone mandates disqualification.**

## IV. The Conflict Is Non-Consentable Under NYRPC 1.7(b)(3)

**Direct adversity in the same proceeding is non-waivable.** NYRPC 1.7(b)(3) bars representation that "involves the assertion of a claim by one client against another client in the same litigation or other proceeding." Appellant's **Issue 4 (Exhibit A)** attacks the absence of accountant testimony and implicitly blames **Mohan's records**. That is direct adversity between concurrent clients in this proceeding—and thus non-consentable even with "perfect" waivers. See **Cinema 5, Ltd. v. Cinerama, Inc., 528 F.2d 1384, 1387 (2d Cir. 1976)**. **Stratagem Dev. Corp. v. Heron Int'l N.V., 153 F.R.D. 535 (S.D.N.Y. 1994) for 2d Cir. view on non-waivable direct adversity in related proceedings.**

## V. Narrow, Sealed Conflict Disclosures Are Proper on Appeal

This is not merits discovery. Limited, sealed production of waiver authenticity and timing (native/original files, e-signature audit trails, full email headers, DMS/version logs, and trustee-authority proof) falls within the Court's supervisory power to decide whether conflicted counsel may continue; it does not expand the merits record. **To prevent fabrication** and resolve the conflict narrowly and quickly, Appellee requests that any submission include, inter alia: (a) native files and e-signature audit trails; (b) full headers and transmission metadata; (c) DMS/version logs and time/billing entries referencing "conflict/waiver/Mohan"; and (d) **if any waiver purports to be signed on behalf of Mohan & Mohan after March 4, 2024, proof that the Chapter 7 trustee executed or ratified it.**

## VI. Appellant's Issue 4 Confirms Accountant Centrality—and Confirms the Conflict

Appellant's Statement of Issues on Appeal lists as Issue 4 (Exhibit A & B): whether denial of discharge relied on facts "not in evidence," including assumptions from corporate records without accountant testimony. That framing concedes accountant centrality while the same counsel simultaneously represented the accountant entity. Absent a contemporaneous, trustee-authorized two-client waiver—which Appellant has not shown—conflicted counsel cannot continue to prosecute this accountant-centric appeal.

## VII. Trial Posture Confirms the Conflict's Material Limitation

As the docket reflects, the defense offered no evidence, called no witnesses, conducted no cross-examination of Mr. Davidson, made no closing, and filed no post-trial brief (AP No. 70 at 3:04:55–3:07:20). Those choices align with a lawyer subject to material-limitation constraints (NYRPC 1.7) owing duties to the accountant entity.

## VIII. Late-Raised Service Complaint Is Waived and Harmless

Insufficiency of service is waived if not raised by motion under Rule 12 or in the first responsive pleading. Here, Appellant litigated for nearly two years through counsel, engaged in discovery and motion practice, and went to trial without moving to dismiss for insufficient service. By appearing and litigating on the merits through counsel, he made a general appearance and submitted to the court's jurisdiction. Even if there were an initial irregularity, any error is harmless given actual notice and full participation; no prejudice is alleged. Even if nuances of

**FRBP 7004(g)** applied, the objection is **waived under Rule 12(h)(1)/FRBP 7012** and **harmless under Rule 61/FRBP 9005.**

## IX. Standing and the "Heavy Burden" Are Satisfied

Non-clients have standing to seek disqualification when continued representation threatens the integrity of the proceeding. See Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005); Universal City Studios, Inc. v. Reimerdes, 98 F. Supp. 2d 449, 455 (S.D.N.Y. 2000). The burden is met where, as here, the conflict is admitted, the trial posture shows material-limitation constraints, and the accountant-centric appeal would perpetuate the taint.

## X. Sanctions Are Warranted

Counsel did not disclose to the Bankruptcy Court that they concurrently represented the accountant entity while a subpoena issued to that client, and they now rely on post-hoc "memorialization." That posture **unreasonably multiplies proceedings** and undermines the appellate process. The Court may award sanctions under **28 U.S.C. § 1927** and its **inherent powers**. See **Chambers v. NASCO, Inc., 501 U.S. 32 (1991)**. To keep focus on the conflict ruling, Appellee requests that the Court **issue an order to show cause** now as to why sanctions should not be imposed, with **fee quantification deferred** until after the Court decides disqualification.

## Requested Relief

Appellee respectfully requests that the Court: (1) hold merits briefing in abeyance pending conflict resolution; (2) within 7 days, require Appellant's counsel (Fairbanks-Fletcher and Hyde)

to file under seal any contemporaneous two-client written waivers (executed by Davidson and by Mohan & Mohan's Chapter 7 trustee or duly court-authorized fiduciary), the native/original waiver files (Word and PDF), any e-signature certificates/audit trails, full email headers for transmissions, law-firm document-management/version logs, and time/billing entries referencing "conflict/waiver/Mohan" from March 1, 2024 to present; (3) confirm that post-motion or after-the-fact papering does not retro-cure a March 2024 concurrent conflict; (4) impose an interim bar on further substantive filings or ghostwriting by conflicted counsel pending the conflict ruling; (5) upon non-production, or upon production that fails to show trustee-executed contemporaneous writings, disqualify Fairbanks-Fletcher and Hyde, strike conflicted filings, and allow Appellant 14 days to substitute unconflicted counsel or proceed pro se; and (6) expressly find that the absence of a trustee-executed or trustee-ratified waiver for Mohan & Mohan following its March 4, 2024 Chapter 7 filing is independently dispositive and mandates disqualification.

**Footnotes**

[1] Under NYRPC 1.7(b)(4) (concurrent conflicts) with NYRPC 1.0(e) and 1.0(j), "informed consent" must be confirmed in writing, and if initially given orally the lawyer must promptly transmit a confirming writing that describes material risks, reasonably available alternatives, and limitations on the lawyer's ability to act.

[2] After a corporate Chapter 7 filing, the Chapter 7 trustee controls the debtor-entity's litigation and privilege decisions; former management cannot waive on the entity's behalf. See 11 U.S.C. § 323(a)–(b); **Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 349–58 (1985)**.

## APPENDIX A — Rebuttal Matrix to Appellant's Opposition (ECF 8 / 1–18)

| ECF 8 | Answer (Cross-Reference to Brief) | Authority / Section |
|---|---|---|
| 1 | Disqualification safeguards the Court's process from risk of taint; movant need not be opposing counsel's client. | I (supervisory power; taint standard) |
| 2–6 | Issue 4 makes the accountant central; BK court authorized subpoena to Mohan; denial-of-discharge relied on banks/ deposits/checks/Venmo/cards/expenses. | IV, V |
| 7 | Service objection waived (Rule 12(h)(1) via FRBP 7012); harmless (Rule 61 via FRBP 9005); invited-error/estoppel. | VII |
| 8 | Court's inherent authority governs where risk of taint exists; no need for movant to be a client. | I |
| 9–10 | Material-limitation conflict under NYRPC 1.7(a)(2). | II, IV, VI, VII |
| 11 | "Oral later memorialized" timing/content defects; post-3/4/2024 trustee-only consent; no retro-cure. | II–III; nn.1–2 |
| 12 | Remedy targets appellate-taint risk; accountant centrality remains. | I, IV, V |
| 13–14 | Disqualification proper to avoid appearance/risk of divided loyalty. | I–II, IV |
| 15 | Narrow sealed verification, not merits discovery. | V; Proposed Order 2–3 |
| 16 | Routine preservation tailored to authenticity/timing/authority. | V; Proposed Order 2–4 |
| 17 | Any prejudice flows from conflict; substitution window + interim bar. | IV; Proposed Order 5–6 |
| 18 | No contemporaneous trustee-authorized waivers; conflict persists. | II–III, IV, V–VI; Proposed Order |

## APPENDIX B — Authorities Notes

**Bankruptcy Subpoena/Examination Authority.** In bankruptcy proceedings, subpoenas issue under Fed. R. Bankr. P. 9016 (incorporating Fed. R. Civ. P. 45); investigatory examinations may proceed under Fed. R. Bankr. P. 2004. The Bankruptcy Court's authorization of a subpoena to Mohan rests on settled authority.

**Service Nuance.** Fed. R. Bankr. P. 7004 governs service of the summons and complaint in adversary proceedings; Rule 7004(g) requires serving the debtor's attorney in addition to the debtor in certain circumstances once counsel has appeared. Even assuming an initial irregularity, Rule 12(h)(1) (via Rule 7012) waives unraised service objections, and Rule 61 (via Rule 9005) bars relief for non-prejudicial error where the party had actual notice and fully litigated.

**Dated:** November 26, 2025

**Respectfully submitted,**

/s/ John B. Carnett IV

**John B. Carnett IV**
Plaintiff–Appellee, Pro Se
95 Salem Street Greenwich, NY, 12834

carnett@reclaimcraft.com