# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

**John B. Carnett IV,**
Plaintiff–Appellee,

v.

**Jeffrey S. Davidson,**
Defendant–Appellant.

Case No. 25-cv-1431 (N.D.N.Y.)
(On appeal from Bankr. N.D.N.Y., Adv. Pro. No. 24-90011; main case No. 23-11130)

# PROPOSED ORDER

Upon consideration of Appellee's Motion to Disqualify Appellate Counsel, the opposition and reply papers, and the entire record, and for good cause shown, it is ORDERED that:

1. **Briefing Held in Abeyance.** All merits briefing and deadlines in this appeal are STAYED pending resolution of Appellee's motion.

2. **Sealed Verification (7 Days).** Within 7 days of this Order, Appellant's counsel Elizabeth Fairbanks-Fletcher and James W. Hyde, IV shall file under seal: (a) any contemporaneous two-client written waivers (executed by Jeffrey S. Davidson and by Mohan & Mohan Tax Service Inc. acting through its Chapter 7 trustee or a fiduciary authorized by the bankruptcy court); (b) the native/original waiver files (e.g., Word and PDF) and any e-signature certificates/audit trails; (c) full email headers for transmissions of the waivers; (d) law-firm document-management/version logs for those documents; and (e) time/billing entries referencing "conflict/waiver/Mohan" from March 1, 2024 to the present.

3. **Authority Identification.** The sealed submission shall identify the signatory for Mohan & Mohan and **include documentary proof of trustee appointment/acceptance and any specific authorization to waive conflicts on behalf of the estate.**

4. **No Retro-Cure.** Any post-motion or after-the-fact waiver or memorandum shall not retroactively cure a concurrent conflict that existed when counsel simultaneously represented Mohan & Mohan (corporate Chapter 7 filed March 4, 2024) and Mr. Davidson in the adversary proceeding in which the Bankruptcy Court authorized a subpoena to Mohan (Fed. R. Bankr. P. 9016; Fed. R. Civ. P. 45).

5. **Interim Advocacy Bar.** Pending further order, Fairbanks-Fletcher and Hyde shall make no substantive filings in this appeal (other than compliance with this Order) and shall not ghostwrite for Appellant.

6. **Disqualification Trigger; Substitution Window.** If timely, credible, contemporaneous, trustee-authorized waivers are not produced, or if produced materials fail to establish such waivers, the Court will DISQUALIFY Fairbanks-Fletcher and Hyde and STRIKE conflicted filings. Appellant shall within 14 days thereafter either substitute unconflicted counsel or elect to proceed pro se.

7. **Trustee-Waiver Finding (Dispositive).** The Court expressly finds that the absence of a trustee-executed or trustee-ratified waiver for Mohan & Mohan following its March 4, 2024 Chapter 7 filing is independently dispositive and mandates disqualification of conflicted counsel.

SO ORDERED.

Dated: _____, 2025
Syracuse, New York


Hon. Frederick J. Scullin, Jr.
United States District Judge