# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF NEW YORK

**John B. Carnett IV,**
Plaintiff–Appellee,

v.

**Jeffrey S. Davidson,**
Defendant–Appellant.



U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Nov 26 - 2025
John M. Domurad, Clerk

Case No. 25-cv-1431 (N.D.N.Y.)
(On appeal from Bankr. N.D.N.Y., Adv. Pro. No. 24-90011; main case No. 23-11130)

## LETTER-MOTION FOR NARROW VERIFICATION ORDER (TRUSTEE DECLARATION & NATIVE FORENSICS)

**Hon. Frederick J. Scullin, Jr.**
United States District Judge
James M. Hanley Federal Building & U.S. Courthouse
100 South Clinton Street
Syracuse, NY 13261

**Re:** *Carnett v. Davidson*, No. 25-cv-1431 — Request for narrow, sealed verification order on conflict waivers

Your Honor:

Appellee respectfully requests entry of a narrow, supervisory verification order directed to Appellant's counsel and the Chapter 7 trustee of **Mohan & Mohan Tax Service, Inc.** to resolve the threshold conflict issue raised in Appellee's pending motion to disqualify and Reply. The Opposition asserts "oral consent later memorialized," but identifies no contemporaneous, trustee-executed waiver after Mohan & Mohan filed Chapter 7 on March 4, 2024 (petition signed by Ms. Fairbanks-Fletcher). Under **Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352–53 (1985)** and **NYRPC 1.7/1.10**, only the **Chapter 7 trustee** could consent on behalf of the corporate debtor; former management could not. Post-hoc PDFs cannot retro-cure a concurrent conflict.

To avoid speculation and prevent fabrication concerns, Appellee asks the Court to order **sealed, limited verification** focused solely on authenticity, timing, and authority (not merits discovery):

1. **Trustee Declaration (28 U.S.C. § 1746).** A declaration from the **Chapter 7 trustee (or trustee's counsel)** stating whether any conflict waiver was **ever executed or ratified** for Mohan & Mohan concerning counsel's concurrent representation of Mr. Davidson, including: (a) the **date** of execution/ratification; (b) the **identity and authority** of the signatory; and (c) whether any court authorization was sought/required.

2. **Native Files & Forensic Artifacts (from trustee side and counsel).** Production **under seal** of: (a) the **native/original waiver file(s)** (e.g., Word and the generated PDF) and any **e-signature certificates/audit trails**; (b) **full email headers** for transmissions of any waiver to/from the trustee or trustee's counsel; (c) **document-management/version logs** and **time/billing entries** referencing "conflict/waiver/Mohan" for **March 1, 2024–present**; and (d) if **DocuSign/Adobe Sign** was used, the **envelope certificate** and **IP/time-stamp audit**.

3. **Submission Mechanics.** Materials to be filed **under seal** and delivered to chambers (with service on Appellee); personal identifiers may be redacted per local rules.

This is a narrow supervisory measure to determine counsel's ability to continue in an accountant-centric appeal without taint. If **no trustee-executed (or trustee-ratified)** waiver exists, disqualification should enter.

A proposed micro-order is enclosed for the Court's convenience.

**Respectfully submitted,**

/s/ John B. Carnett IV


**John B. Carnett IV**
Plaintiff–Appellee, Pro Se
95 Salem Street Greenwich, NY, 12834

carnett@reclaimcraft.com

Dated: November 26, 2025