# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF NEW YORK

**John B. Carnett IV,**
Plaintiff–Appellee,

v.

**Jeffrey S. Davidson,**
Defendant–Appellant.

Case No. 25-cv-1431 (N.D.N.Y.)
(On appeal from Bankr. N.D.N.Y., Adv. Pro. No. 24-90011; main case No. 23-11130)

## PROPOSED MICRO-ORDER (TRUSTEE DECLARATION & NATIVE FORENSICS)

Upon Appellee's letter-motion, and to resolve the threshold conflict issue without reaching the merits, it is ORDERED that:

1. **Trustee Declaration.** Within 7 days, the Chapter 7 trustee of Mohan & Mohan Tax Service, Inc. (or trustee's counsel) shall file under seal a declaration pursuant to 28 U.S.C. § 1746 stating whether any conflict waiver was ever executed or ratified on behalf of Mohan & Mohan for Appellant's counsel's concurrent representation of Mr. Davidson, including the date, signatory identity and authority, and whether any court authorization was sought/required.

2. **Native Files & Forensic Artifacts.** Within the same 7 days, Appellant's counsel and the trustee/ trustee's counsel shall file under seal: (a) native/original waiver files (authoring format and resulting PDF) and any e-signature certificates/audit trails; (b) full email headers for transmissions to/from the trustee or trustee's counsel; (c) document-management/version logs and time/billing entries referencing "conflict/waiver/Mohan" for March 1, 2024–present; and (d) if DocuSign/Adobe Sign was used, the envelope certificate and IP/time-stamp audit.

3. **Seal/Service.** Submissions shall be filed under seal and delivered to chambers with service on Appellee; personal identifiers may be redacted consistent with local rules.

4. **No Retro-Cure.** The Court notes that post-hoc memorializations do not retroactively cure a concurrent conflict that existed after Mohan & Mohan's Chapter 7 filing absent **trustee-executed or trustee-ratified** consent.

SO ORDERED.

Dated: _____, 2025
Syracuse, New York


Hon. Frederick J. Scullin, Jr.
United States District Judge