UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

In Re:                                                    1:25-cv-01431 (BKS)

JEFFREY S. DAVIDSON,

                              Debtor.


JEFFREY S. DAVIDSON,

                              Defendant-Appellant,

v.

JOHN B. CARNETT, IV,

                              Plaintiff-Appellee.


**Appearances:**

*For Defendant-Appellant:*
Elizabeth Fairbanks-Fletcher
Fairbanks Fletcher Law PLLC
178 Elm Street, Suite 4
Saratoga Springs, NY 12866

*Plaintiff-Appellee pro se:*
John B. Carnett, IV
Greenwich, NY 12823

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.      INTRODUCTION

        Debtor-Appellant Jeffrey S. Davidson ("Appellant") brings this appeal from an order of

the United States Bankruptcy Court for the Northern District of New York in an adversary

proceeding filed by John B. Carnett, IV ("Appellee"). (Dkt. No. 1).[1] *See also John B. Carnett, IV v. Jeffrey S. Davidson*, Adv. Proc. 24-90011 (Bankr. N.D.N.Y.).[2] Specifically, Appellant appeals from the order denying Appellant's discharge in the underlying Chapter 7 bankruptcy proceeding, *In re Jeffrey S. Davidson*, No. 23-11130 (Bankr. N.D.N.Y.). (*See* Adv. Dkt. No. 75). Presently before the Court is Appellee's motion to disqualify Appellant's counsel.[3] (Dkt. No. 2). The motion is fully briefed. (Dkt. Nos. 2-1, 2-6, 8, 10).[4] For the reasons that follow, Appellee's motion is denied.

## II.    BACKGROUND

On November 3, 2023, Appellant Jeffrey S. Davidson filed the underlying Chapter 7 bankruptcy case. (Bankr. Dkt. No. 1). Appellant was represented by Elizabeth Fairbanks-Fletcher, of Fairbanks Fletcher Law PLLC, at time of filing. (*Id.* at 8). In Appellant's Schedule E/F, Appellant listed Appellee John B. Carnett, IV as a creditor with an unsecured claim in the form of a personal loan. (*Id.* at 30). Appellant also listed Mohan & Mohan Tax Services, Inc. as a creditor with an unsecured claim. (*Id.* at 32).

Appellant's petition indicates that he was a member of an LLC or LLP within four years prior to filing for bankruptcy, and that Mohan & Mohan was the "accountant or bookkeeper" for that business from March 6, 2020 until "winding up." (*Id.* at 58). According to Ms. Fairbanks-

---

[1] Unless otherwise noted, citations to filings refer to the docket of this case, Case No. 25-cv-01431. Citations to the docket of the primary bankruptcy proceeding, *In re Jeffrey S. Davidson*, No. 23-11130 (Bankr. N.D.N.Y), follow the format "(Bankr. Dkt. No. [#])," and citations to the docket of the adversary proceeding, *Carnett v. Davidson*, No. 24-90011 (Bankr. N.D.N.Y.), follow the format "(Adv. Dkt. No. [#])."

[2] *Carnett v. Davidson (In re Davidson)*, Nos. 23-11130, 24-90011, 2025 WL 2730796, 2025 Bankr. LEXIS 2395 (Bankr. N.D.N.Y. Sept. 24, 2025).

[3] Appellee also seeks to disqualify Appellant's "trial counsel," James W. Hyde, IV. (Dkt. Nos. 2; 2-1, at 4). Mr. Hyde has not appeared in this appeal.

[4] On November 26, 2025, Appellee also filed a "Letter Motion for Narrow Verification Order" requesting certain documentation from Appellant's counsel. (Dkt. No. 11). Appellant did not respond.

Fletcher, "[p]rior to [Appellant's] bankruptcy filing, [Mohan & Mohan] served as his tax preparer and performed certain compliance work related to payroll filings." (Dkt. No. 8-1, ¶ 2). Ms. Fairbanks-Fletcher avers that Mohan & Mohan's "engagement was limited to tax-related and compliance matters; it did not include bookkeeping or general accounting services." (*Id.*). According to Ms. Fairbanks-Fletcher, Mohan & Mohan "prepared or maintained certain financial information for [Appellant], including profit and loss information for May and June 2023[,]" but "performed no further work" after Appellant filed his Chapter 7 petition "because outstanding invoices had not been paid." (*Id.* ¶ 3).

On March 4, 2024, Mohan & Mohan filed its own petition for Chapter 7 bankruptcy. *In re Mohan & Mohan Tax Service Inc.*, No. 24-10239 (Bankr. N.D.N.Y.), Dkt. No. 1. Mohan & Mohan was also represented by Ms. Fairbanks-Fletcher in its bankruptcy case. *See id.,* Dkt. No. 1, at 4. Ms. Fairbanks-Fletcher avers that "[a]t the outset of each representation, [she] discussed the potential for concurrent representation with each client[,]" and "[e]ach client provided informed consent at that time." (Dkt. No. 8-1, ¶ 6).

On May 2, 2024, Appellee filed an adversary proceeding against Appellant, challenging Appellant's discharge and the dischargeability of Appellee's debt. (Adv. Dkt. No. 1).[5] At a hearing on July 31, 2024, the Bankruptcy Court "determined that the adversary proceeding would be permitted to continue exclusively on the issue of 11 U.S.C. § 727(a)(4)[.]" (Adv. Dkt. No. 11, at 2).[6]

---

[5] Appellee alleged that, in 2022, Appellant had executed a promissory note and "was obligated to make full payment of $21,840 to [Appellee] on or before July 26, 2022." (Adv. Dkt. No. 1, ¶ 12). Appellee further alleged that Appellant did not pay back the balance by the agreed-upon date, though he had made payments toward the balance. (*See id.* ¶¶ 15-19).

[6] Under 11 U.S.C. § 727(a)(4):
> The court shall grant the debtor a discharge, unless . . . the debtor knowingly and fraudulently, in or in connection with the case--
> (A) made a false oath or account;
> (B) presented or used a false claim;

On January 31, 2025, the Bankruptcy Court issued a subpoena to Appellee for service on Mohan & Mohan. (Adv. Dkt. No. 38). However, both Appellee and Appellant indicate that the subpoena was never executed. (*See* Dkt. Nos. 2-6, at 3 (noting that Appellee "did not ultimately use the subpoena"); 8, ¶ 5 ("Although a subpoena was authorized, it was never executed, and Mohan produced no documents in connection with that proceeding.")). Mohan & Mohan's bankruptcy case was closed on May 5, 2025. *In re. Mohan & Mohan*, No. 24-10239, Dkt. No. 5 (Final Decree). Mohan & Mohan did not appear or participate in Appellant's bankruptcy case or in the adversary proceeding. *See generally In re Davidson*, No. 23-11130; *Carnett v. Davidson*, Adv. Proc. 24-90011. (*See also* Dkt. No. 8-1, ¶¶ 4-5 (affirming that Mohan & Mohan "did not file a proof of claim, did not appear in the bankruptcy case, [and] did not participate in the adversary proceeding"; "[n]o representative of Mohan & Mohan testified or was called as a witness by either party")).

The Bankruptcy Court held a trial on June 6, 2025. (Adv. Dkt. Nos. 62, 70). On September 24, 2025, the Bankruptcy Court issued a written decision holding that Appellant "made a false oath or account in connection with his bankruptcy case and has failed to provide adequate reasoning for same." *See Carnett*, 2025 WL 2730796, at *6, 2025 Bankr. LEXIS 2395, at *15. As a result, the Bankruptcy Court found that Appellant violated § 727(a)(4)(A) and denied Appellant a discharge. *Id.*

Appellant filed a notice of appeal on October 8, 2025. (Dkt. No. 1).[7] Appellant challenges the legal and factual findings made by the Bankruptcy Court under § 727(a)(4). (Dkt.

---

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs[.]

[7] On March 18, 2026, Appellee filed a letter with this Court in which he suggested there was an "anticipated effort by Appellant to seek voluntary dismissal of this appeal." (Dkt. No. 13, at 1). On March 18, 2026, Appellant filed a letter

No. 10-2, at 4) (statement of issues on appeal). On October 30, 2025, Appellee filed the instant

motion seeking to disqualify appellate counsel. (Dkt. No. 2).

## III.    STANDARD

"The authority of federal courts to disqualify attorneys derives from their inherent power

to 'preserve the integrity of the adversary process.'" *Hempstead Video, Inc. v. Inc. Vill. of Valley*

*Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Bd. of Educ. v. Nyquist,* 590 F.2d 1241, 1246

(2d Cir.1979)). The Second Circuit has stated that, "[a]lthough our decisions on disqualification

motions often benefit from guidance offered by the American Bar Association (ABA) and state

disciplinary rules, . . . such rules merely provide general guidance and not every violation of a

disciplinary rule will necessarily lead to disqualification[.]" *Id.* (internal citations omitted).

"Whether or not disqualification is warranted is subject to the court's discretion." *Fairfield Fin.*

*Mortg. Grp., Inc. v. Luca*, No. 11-cv-3802, 2012 WL 3061513, at *3, 2012 U.S. Dist. LEXIS

104654, at *6 (E.D.N.Y. July 25, 2012) (citing *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60,

72 (2d Cir.1990)).

"Generally, disqualification motions are disfavored, as they 'are often interposed for

tactical reasons, and . . . even when made in the best of faith, such motions inevitably cause

delay.'" *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 281 (S.D.N.Y. 2011)

(quoting *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791–92 (2d Cir. 1983)). "Accordingly, such

motions are 'subjected to a high standard of proof.'" *Id.* (quoting *Merck Eprova AG v. ProThera,*

*Inc.,* 670 F.Supp.2d 201, 207 (S.D.N.Y. 2009)). "When presented with a disqualification motion,

courts in the Second Circuit have been instructed to take a 'restrained approach that focuses

---

to "clarify" that Appellant "has not sought, and has not indicated an intent to seek, voluntary dismissal of the appeal."
(Dkt. No. 14, at 1).

primarily on preserving the integrity of the trial process.'" *Streichert v. Town of Chester, New York*, No. 19-cv-7133, 2021 WL 735475, at *4, 2021 U.S. Dist. LEXIS 35468, at *10 (S.D.N.Y. Feb. 25, 2021) (quoting *Papyrus Tech. Corp. v. N.Y. Stock Exch., Inc.*, 325 F. Supp. 2d 270, 276 (S.D.N.Y. 2004)). "The movant bears a heavy burden, and must establish specific facts warranting the disqualification." *Kong v. Lindenbaum*, No. 24-cv-4808, 2025 WL 1808757, at *1, 2025 U.S. Dist. LEXIS 125347, at *4 (E.D.N.Y. July 1, 2025) (citations omitted).

## IV.    DISCUSSION

Appellee moves to disqualify Appellant's counsel, Ms. Fairbanks-Fletcher, "under the Court's inherent authority" and New York Rules of Professional Conduct 1.7, 1.9, and 1.10. (Dkt. No. 2-1, at 1). Appellee argues that a "conflict arises from counsel's representation of Mohan & Mohan (Appellant's accountant) and their trial-level positions about the accountant's role and records, coupled with continued participation in this substantially related appeal." (*Id.*). Appellant disagrees, arguing that Appellee "is not and has never been a client, has no standing to assert conflicts between counsel and her clients, and identifies no prejudice or risk of taint to these appellate proceedings." (Dkt. No. 8, at 1). Appellant contends Appellee's motion "is procedurally improper, factually unsupported, and appears intended to delay or complicate the appeal." (*Id.*). Appellant underscores that Mohan & Mohan "was not a party, witness, or participant" in the adversary proceeding, and that "no adversity existed between [Appellant] and Mohan & Mohan" under Rule 1.7. (*Id.* at 3).

At the outset, the Court notes that it appears that Appellee has raised this issue for the first time on appeal. *See In re Johns-Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014) (holding bankruptcy party's argument was waived where that argument was available, but not raised, in the bankruptcy court, even though that party subsequently raised issue in district court); *In re*

*Markus*, 620 B.R. 31, 36 (S.D.N.Y. 2020). ("Any arguments not raised in the bankruptcy court are considered waived; unless such waiver results in manifest injustice, the new arguments will not be considered on appeal."); *see also Pierre v. Aurora Com. Corp.*, 620 B.R. 210, 215 n.1 (S.D.N.Y. 2020). Appellee cites no case law, and the Court knows of none, in which a district court disqualified a bankruptcy appellant's counsel on appeal based on an alleged conflict of interest that was not raised before the bankruptcy court.

Appellant also asserts generally that Appellee has no "standing" to bring this motion to disqualify. (Dkt. No. 8, at 1). The Court notes that, while "courts within the Second Circuit have noted that parties have standing to seek disqualification of counsel for the opposite party on conflict-of-interest grounds," the Court nevertheless "must guard against the tactical use of motions to disqualify counsel, [which are therefore] subject to fairly strict scrutiny[.]" *See Nolan v. City of New York*, 754 F. Supp. 3d 548, 552 (S.D.N.Y. 2024) (first quoting *Billewicz v. Town of Fair Haven, Vermont*, No. 22-cv-73, 2022 WL 4115966, at *2, 2022 U.S. Dist. LEXIS 164427, at *6 (D. Vt. Aug. 11, 2022) (collecting cases), *aff'd*, No. 22-1929, 2023 WL 3961437, 2023 U.S. App. LEXIS 14665 (2d Cir. June 13, 2023); then quoting *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009)).

In any event, even if Appellee's motion for disqualification was properly before this Court, his motion fails because he has not met the "high standard of proof" required to obtain that relief. *See Copantitla*, 788 F. Supp. 2d at 281.

### A.    Concurrent Representation

Appellee asserts that Ms. Fairbanks-Fletcher's representation constitutes a "concurrent" conflict of interest in violation of New York Rule 1.7. Under New York Rule 1.7, a concurrent conflict of interest exists if "(1) the representation of one client will be directly adverse to

another client; or (2) there is a significant risk that (i) the lawyer's independent professional judgment on behalf of a client will be adversely affected by, or (ii) the representation of one or more clients otherwise will be materially limited by, the lawyer's responsibilities to another client, a former client or a third person or by the lawyer's own financial, business, property or other personal interests." N.Y. R. Pro. Conduct 1.7(a). "In cases of concurrent representation," the Second Circuit has held that "it is 'prima facie improper' for an attorney to simultaneously represent a client and another party with interests directly adverse to that client." *Hempstead Video*, 409 F.3d at 133 (quoting *Cinema 5, Ltd. v. Cinerama, Inc.,* 528 F.2d 1384, 1387 (2d Cir.1976)).

Here, Appellee has not established—nor does he seriously argue—that appellate counsel is concurrently representing Mohan & Mohan. The Mohan & Mohan bankruptcy proceeding was closed on May 5, 2025. (*See* Dkt. No. 2-6, at 11); *see also In re Mohan & Mohan*, No. 24-10239, Dkt. No. 5 (Final Decree). Nor has Appellee demonstrated that appellate counsel's representation on this appeal will be "adversely affected by" its former representation of Mohan & Mohan. *See* N.Y. R. Pro. Conduct 1.7(a). Mohan & Mohan was not a participant in the adversary proceeding that is the subject of this appeal. While Mohan & Mohan was listed as a creditor with an unsecured claim in Appellant's bankruptcy petition, (*see* Bankr. Dkt. No. 1, at 32), Mohan & Mohan never filed a proof of claim and did not appear in the underlying actions, *see generally In re Davidson*, No. 23-11130; *Carnett v. Davidson*, Adv. Proc. 24-90011. (*See also* Dkt. No. 8-1, ¶¶ 4-5).[8] The Bankruptcy Court observed that, although Appellant's Statement of Financial Affairs indicated that Mohan & Mohan "performed the accounting and bookkeeping" for

---

[8] To the extent Appellee argues that appellate counsel's *past* concurrent representation of Appellant and Mohan & Mohan in their separate bankruptcy proceedings was improper, Appellee waived that argument by failing to raise it below. *See in re Markus*, 620 B.R. at 36. ("Any arguments not raised in the bankruptcy court are considered waived; unless such waiver results in manifest injustice, the new arguments will not be considered on appeal.").

Appellant's business, Appellant "is financially sophisticated enough to know his income from business operations" was falsely stated in his Statement of Financial Affairs. *Carnett*, 2025 WL 2730796, at *5, 2025 Bankr. LEXIS 2395, at *11-12. The appeal challenges factual and legal issues related to that determination. Appellee has failed to establish that that counsel's representation of Appellant on appeal is directly adverse to Mohan & Mohan. Appellee has not shown that disqualification based on improper *concurrent* representation is warranted, and his motion is therefore denied on this basis.[9]

### B.    Successive Representation

Appellee argues that Ms. Fairbanks-Fletcher's representation creates a "successive" conflict of interest in violation of New York Rule 1.9, because "this appeal centers on [Mohan & Mohan's] records, returns, and bookkeeping[.]" (Dkt. No. 2-1, at 3). Under New York Rule 1.9, "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." N.Y. R. Pro. Conduct 1.9(a). "In cases of successive representation," the Second Circuit has held that "an attorney may be disqualified if: (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client." *Hempstead Video*, 409 F.3d at 133 (quoting *Evans,* 715 F.2d at 791).

---

[9] The Court notes that, in her affidavit, Ms. Fairbanks-Fletcher affirms that "[n]o confidential information belonging to Mohan & Mohan has ever been used adversely to Mohan, and no confidential information of either client has been used against the other. Nothing about [her] representation of either client limited [her] independent professional judgment." (Dkt. No. 8-1, ¶ 7).

With respect to the first element of the test outlined by *Hempstead Video*, Appellee is not, and does not allege to be, a former client of Appellant's counsel. *See id.* Appellee essentially brings this motion on behalf of Mohan & Mohan, which is not a party to this litigation. It is not clear whether this alone is a sufficient basis to deny the motion to disqualify. *See Streichert*, 2021 WL 735475, at *8-9, 2021 U.S. Dist. LEXIS 35468, at *24-30.

In any event, Appellee has not shown (nor seriously argued) that Mohan & Mohan's bankruptcy case is "substantially related" to this appeal under either *Hempstead Video* or Rule 1.9. *See* 409 F.3d at 133; N.Y. R. Pro. Conduct 1.9. "A 'substantial relationship' exists where facts pertinent to the problems underlying the prior representation are relevant to the subsequent representation." *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 239 (2d Cir. 2016) (citation omitted); *see also Streichert*, 2021 WL 735475, at *12, 2021 U.S. Dist. LEXIS 35468, at *36-37 ("The Second Circuit 'has applied the substantially related prong strictly, requiring the moving party to demonstrate that the relationship between the two [matters] is patently clear, or that the [matters] are identical or essentially the same.'" (quoting *Bennett Silvershein Assocs. v. Furman*, 776 F. Supp. 800, 803–04 (S.D.N.Y. 1991) (cleaned up))).

Appellee argues that "this appeal centers on [Mohan & Mohan's] records, returns, and bookkeeping[.]" (Dkt. No. 2-1, at 3). The Bankruptcy Court, however, relied on Appellant's *bank records* and his *Venmo account* in finding that Appellant's Statement of Financial Affairs was false. *See In re Davidson*, 2025 WL 2730796, at *3-4, 2025 Bankr. LEXIS 2395, at *6-8. The prior representation of Mohan & Mohan was, according to appellate counsel, in "a routine chapter 7 case," which "was administrative," with "no legal or factual connection to the adversary proceeding against" Appellant. (Dkt. No. 8, at 2). And appellate counsel has provided an affidavit stating that the work that Mohan & Mohan did on behalf of Appellant "was limited

10

to tax-related and compliance matters; it did not include bookkeeping or general accounting services." (Dkt. No. 8-1, ¶ 2), In any event, Appellee's assertion that this appeal concerns Mohan & Mohan records and bookkeeping is insufficient to show that there is a substantial relationship between *the bankruptcy proceeding* which was the subject of the prior representation and the current appeal.

Nor, on this record, has Appellee demonstrated that this appeal—challenging the Bankruptcy Court's factual and legal determination that Appellant falsified his Statement of Financial Affairs—is somehow "materially adverse" to Mohan & Mohan's interests. *See* N.Y. R. Pro. Conduct 1.9. Appellee asserts that the trial record "is saturated with accountant-driven evidence[,]" (Dkt. No. 2-1, at 2), that Appellant's counsel "took courtroom positions about the accountant's methods and records," (*id.* at 3), and that Appellant's counsel "knew the accountant could be a target for compulsory production, and possibly criticism, in the very case where she was siding with the debtor[,]" (Dkt. No. 2-6, at 6). But these contentions are vague and conclusory, and Appellee has failed to demonstrate how there is material adversity between Mohan & Mohan and Appellant at this stage of the proceedings. Accordingly, Appellee's motion to disqualify is denied on this basis.

## C.    Advocate-Witness Rule

Appellee asserts that "both Ms. Fairbanks-Fletcher and Mr. Hyde may be necessary witnesses" because of their "knowledge regarding Mohan & Mohan, any waivers, and the subpoena[,]" which creates an "Advocate-Witness Problem" under New York Rule 3.7. (Dkt. No. 2-1, at 4). Rule 3.7(a) provides, as relevant here, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" unless one of the enumerated exceptions applies. N.Y. R. Pro. Conduct 3.7(a). The Second

11

Circuit has noted that Rule 3.7 lends itself to opportunistic abuse, and requires the moving party to demonstrate prejudice, that is "harm to the integrity of the judicial system." *Murray v. Metro. Life Ins. Co.,* 583 F.3d 173, 178 (2d Cir. 2009).

Appellee's motion to disqualify based on the advocate-witness rule is without merit. Appellee has not identified how a "significant issue of fact" might arise on this bankruptcy appeal or otherwise explained how Appellant's counsel "is likely to be a witness." *See* N.Y. R. Pro. Conduct 3.7(a)*.* Accordingly, Appellee's motion is also denied on this basis. *See Streichert*, 2021 WL 735475, at *17, 2021 U.S. Dist. LEXIS 35468, at *55 ("[The d]efendants make no effort to identify who might call [the plaintiff's attorney] as a witness or to explain why his testimony would be either 'significantly useful' (if he were to be called by [the p]laintiff) or 'necessary' and 'prejudicial' (if he were to be called by [the d]efendant).").

Because Appellee has not carried his "heavy burden," his motion to disqualify Appellant's counsel is denied.[10] *See Kong*, 2025 WL 1808757, at *1, 2025 U.S. Dist. LEXIS 125347, at *4. Accordingly, the Court also denies Appellee's letter motion seeking "verification" of any conflict waiver signed by Appellant or Mohan & Mohan. (*See* Dkt. No. 11); *Kong*, 2025 WL 1808757, at *3, 2025 U.S. Dist. LEXIS 125347, at *6 (declining to disqualify counsel or require counsel to provide a written client waiver). The Court further denies Appellee's request for, inter alia, a "declaration" from Appellant's counsel pertaining to consent, and "any e-signature audit trail, metadata, transmittal emails, or billing entries showing when conflict disclosures were made[.]" (*See* Dkt. No. 2-6, at 8-9). Finally, there is no basis for Appellee's

---

[10] Appellee additionally argues that Ms. Fairbanks-Fletcher's conflicts are "imputed to the firm" under New York Rule 1.10, and that "trial counsel" James W. Hyde, IV should also be disqualified. (Dkt. No. 2-1, at 3-4). It is not clear whether Mr. Hyde is a member of the Fairbanks Fletcher firm. In any event, Appellee's contention that Mr. Hyde must be disqualified is without merit, because Mr. Hyde is not representing Appellant in this appeal. Further, because the Court finds that there is no concurrent or successive conflict, nor any advocate-witness problem, the Court does not address Appellee's argument that any conflict is imputed to Ms. Fairbanks-Fletcher's firm under Rule 1.10.

request for an order to show cause under 28 U.S.C. § 1927 for sanctions against Appellant's counsel. (*See* Dkt. No. 2, at 2).

V.       **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Appellee's motion (Dkt. No. 2) to disqualify appellate counsel from representing Appellant on this appeal is **DENIED**; and it is further

**ORDERED** that Appellee's "Letter Motion for Narrow Verification Order" (Dkt. No. 11) is **DENIED**, and it is further

**ORDERED** that Appellee's Letter Motion requesting the Court's "prompt consideration" of this motion (Dkt. No. 13) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: <u>April 15, 2026</u>
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

13